14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ann B. LOVELL, ETC., Plaintiff, Appellant,
v.
PEOPLES HERITAGE SAVINGS BANK, ET AL., Defendants, Appellees.
Ann B. LOVELL, ETC., et al. Plaintiffs, Appellants
v.
THE ONE BANCORP, et al. Defendants, Appellees
 Nos. 93-1552, 93-1553.
 United States Court of Appeals,
First Circuit.
 January 7, 1994
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 Richard E. Poulos with whom John S. Campbell and Poulos & Campbell, P.A. were on brief for appellants.
 Robert S. Frank with whom Christopher J. Devlin and Verrill & Dana were on brief for FDIC as receiver for Maine Savings Bank.
 Rufus E. Brown with whom Drummond Woodsum Plimpton & MacMahon was on brief for Frederick W. Pape, Jr.
 John F. Batter, III with whom Hale and Dorr was on brief for Nancy Masterton, as personal representative of the Estate of Robert Masterton.
 Thomas D. Warren, Director, Litigation Unit, with whom Michael E. Carpenter, Attorney General, and Peter J. Brann, Assistant Attorney General, were on brief for Maine Superintendent of Banking.
 Catherine R. Connors with whom Ralph I. Lancaster, Jr., Daniel M. Snow, and Pierce, Atwood, Scribner, Allen, Smith & Lancaster were on brief for Peoples Heritage Savings Bank.
 D.Me.
 AFFIRMED.
 Before Selya, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 In these consolidated appeals, plaintiffs-appellants argue that the district court erred in summarily disposing of their claims relating to their right to a distribution of the net worth of two mutual savings banks (MSBs) following the banks' conversion to stock savings institutions. See generally Lovell v. Peoples Heritage Sav. Bank, 818 F. Supp. 427 (D. Me. 1993); Lovell v. One Bancorp, 818 F. Supp. 412 (D. Me. 1993). We affirm.
 
 
 2
 Plaintiffs failed to come forward with proof of a constitutionally-protected property interest in a distribution of the surplus of the MSBs, the linchpin of the bulk of their claims. In answering questions certified by the district court, the Maine Supreme Judicial Court (SJC) held that Maine law does not give plaintiffs any right to a distribution of the surplus of MSBs as part of the conversion process. Lovell v. One Bancorp, 614 A.2d 56, 67 (Me. 1992). Absent a state property right, plaintiffs' plea for federal constitutional protection is in vain. Chongris v. Board of Appeals, 811 F.2d 36, 43 (1st Cir.) ("[P]roperty rights, while protected by the federal Constitution, are creatures of state law.") (citing, inter alia, Board of Regents v. Roth, 408 U.S. 564, 577 (1972)), cert. denied, 483 U.S. 1021 (1987).
 
 
 3
 Plaintiffs argue in the alternative that the Constitution at least protects their contingent interest in a distribution of the "liquidation accounts" of the new institutions. These accounts are the current repository of the reincarnated surplus of the former MSBs. While the SJC opinion does support plaintiffs' claim to such an interest, see Lovell, 614 A.2d at 67 (recognizing depositors' contingent interest in a pro rata distribution of a bank's surplus), plaintiffs have not produced trial-worthy proof that the contingency-a solvent liquidation-would ever occur. In fact, as the record stands now, it is essentially undisputed that a solvent liquidation is a very remote possibility. As a result, the district court may have been correct in concluding that the contingent interest in the liquidation accounts did not rise to the level of an expectancy deserving constitutional protection. See One Bancorp, 818 F. Supp. at 420-21; Peoples Heritage, 818 F. Supp. at 431; cf. Society for Sav. v. Bowers, 349 U.S. 143, 150 (1955) (observing that interest of mutual savings bank depositor in bank's undivided earnings, contingent on the "unlikely event of a solvent liquidation, ... hardly rises to the level of an expectancy"). Nonetheless, rather than basing the availability of constitutional protection on the expected value of an alleged property interest, we focus instead on the alternative reasoning offered by the district court.
 
 
 4
 Even if plaintiffs could prove a cognizable property interest in the liquidation accounts, the undisputed facts would still support summary judgment for defendants with respect to each alleged violation of constitutional property rights. Plaintiffs have proven themselves singularly unable to show any tangible financial harm sufficient to support a claim under the Takings Clause, see Penn Cent. Transp. Co. v. New York City, 438 U.S. 104, 124 (1978) (suggesting that proof of economic impact is essential to show a violation of the Takings Clause), or the Contract Clause, see General Motors Corp. v. Romein, 112 S. Ct. 1105, 1109 (1992) (holding that "substantial impairment of a contractual relationship" is an essential component of a Contract Clause claim) (quoting Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978)). Nor would a trial serve any useful purpose with respect to the alleged violations of procedural due process; it is a matter of record that plaintiffs had notice of the proposed conversion and an opportunity to respond. We agree with the district court that plaintiffs were "entitled to accurate, informative notice, not to their particular characterizations of the information being disseminated." One Bancorp, 818 F. Supp. at 426.
 
 
 5
 We likewise fail to see any merit in the allegation that defendants violated plaintiffs' substantive due process and equal protection rights. As explained in the district court's trenchant opinions below, there are entirely rational reasons for the transfer of the surplus of the MSBs to the liquidation accounts of the new stock institutions, as well as the differing rights of account holders in the conversion of anMSB and policy holders of a mutual insurance company during an arguably analogous conversion. See id. at 423-24; Peoples Heritage, 818 F. Supp. at 431.
 
 
 6
 We also agree with the district court concerning plaintiffs' state law claims. In response to another certified question, the SJC held that plaintiffs were procedurally barred from pursuing their state common law claims following (1) the issuance of a certificate of conversion by the state and (2) the failure of plaintiffs to seek judicial review under Maine's Administrative Procedure Act. Lovell, 614 A.2d at 62. Plaintiffs' attempt to have this court overrule or modify Maine's highest court on this point of state law is entirely unavailing. Moreover, the district court is unquestionably correct in concluding that the logic used by the SJC in deciding the viability of the common law claims disposes of the state statutory claims as well. See One Bancorp, 818 F. Supp. at 425-26; Peoples Heritage, 818 F. Supp. at 431. As all of plaintiffs' state law claims are procedurally barred, summary judgment was inescapably appropriate.
 
 
 7
 Accordingly, the judgments of the district court are
 
 
 8
 Affirmed.